IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JAIRUS K. GREENE**                                                                                                    **PLAINTIFF**

v.                                                                                       CIVIL ACTION NO. 5:23-CV-16-KS-BWR

**ENTERGY OPERATIONS, INC.**                                                                               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This cause comes before the Court on Plaintiff's Motion to Reconsider [75], which has been fully briefed and is ripe for ruling. Having considered the parties' submissions, the record, and relevant legal authorities, the Court finds no basis to reverse its prior decision. Accordingly, the Motion to Reconsider is denied.

**I. BACKGROUND**

The parties are familiar with the facts and allegations of the case, and the background was fully set forth in the Court's Order granting summary judgment in favor of the Defendant, Entergy Operations, Inc. ("Entergy"). *See* [73]. As such, the discussion of the facts will be brief here.

This case arises from Plaintiff's employment at Grand Gulf Nuclear Station ("Grand Gulf") from August 2019 to April 2022 as an NSP Assessor in the Nuclear Independent Oversight ("NIOS") team. The NIOS team is tasked with "identifying and reporting gaps in compliance" so that Entergy can address the compliance issues. Greene was primarily responsible for observing and assessing the functional areas of engineering and security. In sum, Greene alleges that, in retaliation for his unwillingness to author favorable reports on Grand Gulf's engineering and security, Entergy tampered with and caused him to twice fail the drug urine tests for marijuana metabolites. Greene was periodically required to pass these drug urine tests to maintain his authorization to enter the plant, and his failures resulted in his termination. Based on these

allegations, Greene brought claims of retaliatory discharge and derivative claims of defamation, malicious interference with future contractual opportunities, and intentional infliction of emotional distress.

In its order on the motion for summary judgment, the Court found that Plaintiff failed to carry his burden of production, therefore it granted summary judgment in Defendant's favor on his claims of retaliatory discharge. Specifically, the Court found that "[w]hile Greene alleges various faults with the chain of custody [for his drug testing], the existence of 'mystery' specimens, collusion between the MROs and Entergy, he has failed to buttress these allegations with anything other than his unsupported speculation and opinion." [73] at 19. The Court granted summary judgment on Plaintiff's claims of defamation and malicious interference with future contractual opportunities, not only because the information Entergy entered in the PADS database was truthful, but because Greene's claim of defamation is preempted by federal law. Finally, the Court reasoned that its grant of summary judgment on Greene's other claims foreclosed his claim of intentional infliction of emotional distress. In sum, the Court found that "Greene has failed to come forward with any evidence that his termination was the result of anything other than his failure to meet the requirements of the job, much less a concerted effort by Entergy to cause him harm." *Id.* at 22. Accordingly, the Court granted summary judgment in Entergy's favor and entered final judgment in the case, dismissing it with prejudice.

## II. DISCUSSION

In Plaintiff's Motion to Reconsider [75], he invokes both Rules 54(b) and 59(e) of the Federal Rules of Civil Procedure. Because final judgment has been entered in this case – not an interlocutory order – Rule 54(b) is inappropriate and does not provide the proper standard. Instead, because the motion to reconsider was filed within twenty-eight days of judgment, it will

be construed as a motion to alter or amend judgment under Rule 59(e).  *See Marlow LLC v. BellSouth Telecomms., Inc.*, No. 2:10cv135, 2013 WL 1313093, at *1 (S.D. Miss. Mar. 26, 2013) (finding that although the Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration, "this Court and others consider such motions under Federal Rule of Civil Procedure 59(e) . . . when they are filed within the time period specified under this Rule.")(citations omitted).

The Court recognizes only three grounds for reconsideration under Rule 59(e): "'(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice.'" *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)); *see also Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).   Plaintiff urges the Court to reconsider its prior ruling "to prevent manifest injustice and because of an error of facts in this matter."   [76] at 4.

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)(citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).   In addition, a Rule 59(e) motion should not be used to rehash evidence or to raise arguments or legal theories that could have been presented prior to the entry of judgment.  *See id.* at 478-479.   "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."   *Pham*, 193 F.R.D. at 494.

Turning to Plaintiff's motion, he uses his Rule 59(e) motion precisely for those purposes: to rehash evidence and as one additional chance to sway the judge.   Plaintiff presents no new evidence and, as such, he fails to meet *Pham*'s second prong.   Likewise, he fails to show that he

meets *Pham*'s third prong – "the need to correct a clear error of law or prevent manifest injustice." *Pham* 193 F.R.D. at 494. What he argues are "errors" and "questions of fact" for the jury are merely arguments that he failed to support with anything other than conjecture, speculation, "conclusory allegations," or "unsubstantiated assertions." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

As for the "mystery specimen" that he argues he did not provide, the trail of evidentiary documents clearly shows that Greene's original September 2021 urine specimen failed its initial drug testing, and it twice re-tested positive for THCV.[1] *See* [61-5] at 3, 12. Likewise, the evidence demonstrates that Greene's January 2022 urine specimen failed initial drug testing, and re-testing of the original January 2022 urine specimen confirmed the presence of THCV. [73] at 11 (citing [61-5] at 23). Thus, because Greene twice-failed a drug test for marijuana metabolites, Entergy had cause to terminate his UAA, and, thereby, his employment.

Greene's other arguments attacking these test results simply serve to muddy the waters, but fail in their attempts to distract. His post-termination admission of hemp use could not excuse his positive results under the regulations. *See* 10 C.F.R. § 26.185(j)(5). Although he disputes the drug cut-off levels, his original retesting request form – that he acknowledges signing – states that "the retest by the second laboratory is not subject to a specific drug cutoff level, but must provide data sufficient to reconfirm the presence of the drug(s) or drug metabolite(s) down to the assay's Limit of Detection." [61-5] at 10. His argument that his signature was "forged" on a retesting request (dated the same date as his original one) ignores that the MRO had the discretion to test the specimen for THCV under the regulations. *Id.* at § 26.185(l); *see also* [61-5] at 1 (Specimen Request Form), 10 (disputed form). Although he argues that the September 2022

---

[1] According to the testing results, "[t]he presence of THCV metabolite in urine indicates prior ingestion of marijuana (or a related product) and cannot be the result of the sole use of Marinol." [73] at 11 (quoting [61-5] at 3, 12).

specimen was not retested, the records belie this contention. *See* [61-5] at 3, 12.

Moreover, Greene's arguments attacking Entergy's alleged failures to adhere to testing regulations do not change the result. Entergy's compliance or non-compliance with the NRC's testing regulations is a non-starter because there is no private right of action for alleged violations of federal regulations regarding fitness-for-duty programs in nuclear facilities. *See Catley v. Energy Harbor Nuclear Corp.*, No. 5:21cv2216, 2023 WL 4456818, *7 n.10 (N.D. Ohio July 11, 2023). His attack on the MRO's disclosure of the September 2022 urine specimen test results to Entergy prior to the disclosure to him ignores that with each test, he signed a consent form allowing release of test results to Entergy. *See, e.g.*, [61-5] at 13. Likewise, Greene fails to demonstrate that the Court erred in finding a lack of evidence supporting his arguments that he met the *McArn* exception. *See McArn v. Allied Bruce-Terminix Co., Inc.,* 626 So. 2d 603 (Miss. 1993).

Again, Plaintiff has not established an "error" in the facts or the law. Instead, he is merely "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," which is not proper under Rule 59(e). *Templet*, 367 F.3d at 479. As such, the motion is denied.

### III. CONCLUSION

The Court finds that Plaintiff has failed to raise issues sufficient for the Court to reconsider its ruling in granting summary judgment. Therefore, it is ORDERED that Plaintiff's Motion to Reconsider [75] is hereby denied in its entirety.

SO ORDERED AND ADJUDGED, this 30th day of October, 2024.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE